---

(119 App. Div. 71)

### MT. VERNON RATTAN CO. v. JOACHIMSON et al.

(Supreme Court, Appellate Division, Second Department. April 26, 1907.)

1. COMPROMISE AND SETTLEMENT—CONSIDERATION—SUFFICIENCY.

A contract whereby creditors agreed with a solvent debtor to accept a distribution of his assets among them equitably and in proportion to their respective claims, so far as his assets would go pro rata, and forbear forcing collection of their said claims, was without consideration.

2. SAME—BREACH.

Where a contract provided that defendants, plaintiff's creditors, would accept an equitable distribution of his assets and would forbear forcing collection of their claims, the act of one of defendants in presenting for collection, at a bank at which it was payable and wherein plaintiff had funds, a note made by plaintiff in said defendant's favor, was not a violation of the agreement.

Appeal from Special Term, Westchester County.

Action by the Mt. Vernon Rattan Company against Nathan Joachimson and others. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

The complaint alleges that the plaintiff is a domestic corporation; that the defendants, except Max Israel, are engaged in business under the firm name of N. Joachimson; that the defendant Max Israel is the duly authorized agent of said firm; that on April 19, 1906, the plaintiff being indebted to the said firm, together with a large number of other creditors, and desiring to distribute the assets among them equitably and in proportion to their respective claims so far as its assets would go pro rata, caused a meeting of its creditors to be called, at which nearly all of them were represented, and the said firm appeared by the defendant Max Israel; that at said meeting it was mutually agreed by and between the plaintiff and a large number of its creditors that the officers of the plaintiff should dispose of its assets, and that the proceeds resulting therefrom should be distributed equitably and pro rata among its creditors, and that all of said creditors then and there represented

would consent to and abide by such distribution; and that "such agreement was entered into mutually, and said creditors agreed to forbear forcing collection of their said claims, and said company proceeded so to dispose of its said assets and wind up its affairs, all in consideration of said creditors making such agreement as aforesaid." The complaint further alleges that the plaintiff corporation proceeded to dispose of its assets and turn the same into money, which money was deposited to its credit in the First National Bank of Mt. Vernon, N. Y.; that at the time of the agreement heretofore mentioned the said firm of N. Joachimson held as evidence of its claim a note of the plaintiff for $1,000, payable at the First National Bank of Mt. Vernon, and on the day when the said note became due the defendants, in violation of their said agreement, and without the knowledge or consent of the plaintiff, presented such note for payment, "and did knowingly, willfully, and wrongfully thereby obtain from said First National Bank of Mt. Vernon, N. Y., the sum of $1,000," which the plaintiff afterwards demanded, and the defendants wrongfully refused to return the same, and converted said money to their own use. The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. Their demurrer has been overruled at the Special Term, and the defendants have appealed from the interlocutory judgment there rendered to this court.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Horace E. Parker, for appellants.
Thomas A. McKennell (Frederick W. Clark, on the brief), for respondent.

WOODWARD, J. The principal question discussed in the opinion of the learned judge at Special Term is whether the complaint shows upon its face that the plaintiff corporation was insolvent at the time when the agreement was made relating to the distribution of the assets. It appears to have been assumed that, if the corporation was insolvent at that time, the agreement was invalid. It seems to us, however, that the issue presented by the demurrer must be determined in favor of the defendants, irrespective of that question. If we assume, in accordance with the conclusion of the court below, that the complaint does not show the corporation to have been insolvent, it is difficult to perceive what consideration there was moving to the defendants for entering into the agreement, or how the plaintiff suffered any damage in a legal sense by reason of the presentation of its note and the payment thereof. A solvent corporation is certainly bound to pay its debts; and, if this corporation was solvent, the agreement on its part to distribute the proceeds resulting from the disposition of its assets equitably among its creditors was merely a promise to do that which the law required. Such a promise is not a consideration sufficient to support an agreement on the part of a creditor "to forbear forcing collection" of his claim. On the same assumption of solvency, no harm resulted to the plaintiff by reason of the presentation of its note at the bank where it was made payable, and where presumably the plaintiff had deposited sufficient funds to pay it.

Furthermore, it seems to us that the complaint is plainly insufficient in another view. The agreement which it is alleged that the defendants have violated by obtaining payment of the note which evidenced their claim was an agreement to forbear from forcibly collecting such claim. This plainly contemplated merely collection by legal process. The

element of force, however, was wholly lacking in the act of the defendants of which the plaintiff complains. There was nothing forcible in the presentation of the note at the bank. If the note had been dishonored, and the defendants had instituted legal proceedings to collect it, then it might well be claimed that there had been a violation of the agreement; but we think it would be giving to the language of the pleader a meaning wholly unwarranted by his words to hold that what the defendants did was an effort forcibly to collect their debt.

For these reasons, we are satisfied that the complaint failed to set out facts sufficient to constitute a cause of action.

The interlocutory judgment should therefore be reversed, and the demurrer sustained, with leave to the plaintiff to amend upon the usual terms.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to the plaintiff to plead anew on payment within 20 days. All concur.